STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY H. GOODMAN, PLAINTIFF IN ERROR.

Submitted May 13, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the plaintiff in error, *Thomas B. Hall.*

For the defendant in error, *Sylvester C. Smith, Jr.,* prosecutor of the pleas.

PER CURIAM.

Plaintiff in error was convicted of embezzlement. It was alleged in the indictment that the defendant, being the servant and agent of three certain individuals, did feloniously and unlawfully embezzle and convert to his own use certain bonds and securities of the par value of $15,000 and $4,000 in money, which were committed to the defendant for the purpose of applying them to the purchase of Sherman's Theatre in Stroudsburg, Pennsylvania, with intent to defraud, and did willfully retain and appropriate said securities and money to his own use.

Plaintiff in error urges, as a ground for reversal, the trial court's refusal to direct a verdict of acquittal.

It was in evidence, both by written and parol evidence, that the securities and money were advanced to plaintiff in error upon the express agreement that the proceeds were to be used for the purchase of a theatre and not otherwise, and the testimony was susceptible of the interpretation that the Crouses,

whose money and securities were advanced, were to have an interest in the property purchased. Plaintiff in error asserts that the securities and money were advanced purely as a loan. He so testified and produced a receipt, signed by two of the three Crouses, on return of some of the securities, in which the word "loan" is used.

The Crouses testified to the arrangement as an advance for a specified purpose, as stated in the receipt of June 15th, 1931 (*Exhibit D-1*), and not as a loan, as stated in the receipt of August 11th, 1931 (*Exhibit D-2*). If, as they testified, the property was not turned over to Goodman as a loan, but as an advance of their share in a common enterprise, then clearly Goodman did not so use it but converted it to his own use and devoted it to his own purposes.

We are of opinion that there was raised upon the proofs a question of fact, which the court properly left to the jury.

This appears to be the only question argued in the brief of plaintiff in error and disposes of the question of the propriety of submitting the case to the jury.

We have, however, examined the other questions raised in the bill of exceptions and assignments of errors, and conclude that there does not appear to be any harmful error in the rulings of the court.

The judgment under review is affirmed.